FILED
CLERK, U.S. DISTRICT COURT
10/17/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>EDGAR AVILA,<br><br>　　　　Defendant. | CR No. 2:24-cr-00622-JLS<br><br>I N D I C T M E N T<br><br>[26 U.S.C. § 5861(d): Possession of an Unregistered Firearm; 18 U.S.C. § 924(d)(1), 26 U.S.C. §§ 5872, 7302, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

[26 U.S.C. § 5861(d)]

　　On or about September 18, 2024, in Los Angeles County, within the Central District of California, defendant EDGAR AVILA knowingly possessed a firearm, namely, a JUG Juggernaut, Tactical 5.56 rifle, bearing serial number 17411, with a barrel less than 16 inches in length, that is, approximately 10.5 inches in length, which defendant AVILA knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant AVILA in the National

Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

FORFEITURE ALLEGATION ONE

[26 U.S.C. §§ 5872, 7302; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Sections 5872 and 7302, as well as Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm involved in such offense;

(b) All right, title, and interest in any and all property used or intended to be used to commit such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a) or (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//
//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                          A TRUE BILL

                                          /S/
                                          Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

DANBEE C. KIM
Assistant United States Attorney
General Crimes Section